1    Fred W. Schwinn (SBN 225575)
     Raeon R. Roulston  (SBN 255622)
2    CONSUMER LAW CENTER, INC.
     12 South First Street, Suite 1014
3    San Jose, California  95113-2418
     Telephone Number: (408) 294-6100
4    Facsimile Number: (408) 294-6190
     Email Address: fred.schwinn@sjconsumerlaw.com
5



FILED
CLERK, U.S. DISTRICT COURT

FEB 1 5 2013

CENTRAL DISTRICT OF CALIFORNIA
BY             DEPUTY

6    Adam Hollander-Urbach (SBN 252887)
     LAW OFFICE OF ADAM HOLLANDER-URBACH
7    9170 Wilshire Boulevard, Suite 450
     Beverly Hills, California  90210
8    Telephone Number: (888) 759-4047
     Facsimile Number: (888) 759-4047
9    Email Address: adaholla@gmail.com

10   Attorneys for Plaintiff
     BRUCE R. KUROKI
11

12            **IN THE UNITED STATES DISTRICT COURT**
             **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
13                     **WESTERN DIVISION**

14   BRUCE R. KUROKI,              Case No. 2:12-CV-10844-GAF-PJW

15               Plaintiff,      **FIRST AMENDED COMPLAINT**

16      v.                            **DEMAND FOR JURY TRIAL**

17   LAW OFFICES OF SIEGEL & SIEGEL, A
     PROFESSIONAL LAW CORPORATION, a    15 United States Code § 1692 *et seq.*
18   California corporation; and EDWIN B.      California Civil Code § 1788 *et seq.*
     SIEGEL, individually and in his official
19   capacity,
20
                    Defendants.
21

22        Plaintiff, BRUCE R. KUROKI, based on information and belief and investigation of counsel,

23   except for those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on

24   personal knowledge), hereby makes the following allegations:

25                        **I. INTRODUCTION**
26

27        1.    This is an action for actual damages, statutory damages, attorney fees and costs

28   brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act,

---

                                   - 1 -

15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq*. (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

      2.    According to 15 U.S.C. § 1692:

          a.    There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

          b.    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

          c.    Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

          d.    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

          e.    It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

      3.    The California Legislature has found that:

The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system

FIRST AMENDED COMPLAINT          Case No. 2:12-CV-10844-GAF-PJW

and sound extensions of credit to consumers.[1]

## II. JURISDICTION

4.   Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5.   This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

6.   Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

7.   This lawsuit should be assigned to the Western Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Los Angeles County.

## V. PARTIES

8.   Plaintiff, BRUCE R. KUROKI (hereinafter "Plaintiff"), is a natural person residing in Los Angeles County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

9.   Defendant, LAW OFFICES OF SIEGEL & SIEGEL, A PROFESSIONAL LAW CORPORATION (hereinafter "LAW OFFICES"), is a California corporation engaged in the business

---

[1]  Cal. Civil Code § 1788.1(a)(1).

- 3 -

FIRST AMENDED COMPLAINT                                    Case No. 2:12-CV-10844-GAF-PJW

of collecting debts in this state with its principal place of business located at: 6355 Topanga Canyon Boulevard, Suite 255, Woodland Hills, California 91367. LAW OFFICES may be served as follows: Law Offices of Siegel & Siegel, APC, c/o Edwin B. Siegel, Agent for Service of Process, 6355 Topanga Canyon Boulevard, Suite 255, Woodland Hills, California 91367. The principal business of LAW OFFICES is the collection of debts using the mails and telephone, and LAW OFFICES regularly attempts to collect debts alleged to be due another. LAW OFFICES is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

10.   Defendant, EDWIN B. SIEGEL (hereinafter "SIEGEL"), is a natural person and licensed attorney in the state of California. SIEGEL may be served at his current business address at: Edwin B. Seigel, Law Offices of Siegel & Siegel, 6355 Topanga Canyon Boulevard, Suite 255, Woodland Hills, California 91367. The principal purpose of SIEGEL's business in the collection consumer debts due or alleged to be due another. SIEGEL is regularly engaged in the business of collecting consumer debts by filing and maintaining numerous civil debt collection lawsuits on behalf of others and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone and internet. SIEGEL is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

11.   At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI.  FACTUAL ALLEGATIONS

12.   On a date or dates unknown to Plaintiff, Plaintiff incurred a financial obligation, namely a consumer credit account issued by Chase Bank (USA), N.A. (hereinafter "the debt"). The

- 4 -

FIRST AMENDED COMPLAINT                                      Case No. 2:12-CV-10844-GAF-PJW

debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

13. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the debt was sold, assigned or otherwise transferred to Executive Financial Enterprises, Inc.

14. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

15. On or about December 19, 2011, Defendants filed a lawsuit against Plaintiff in the Superior Court of California, Los Angeles County captioned *Executive Financial Enterprises, Inc. v. Bruce A. Kukoki*, Case No. 11-B-04666 (hereinafter the "*Executive Financial Enterprises v. Kukoki* complaint"), which sought to collect $6,013.76 in damages.

16. A true and accurate copy of the *Executive Financial Enterprises v. Kukoki* complaint is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

17. The *Executive Financial Enterprises v. Kukoki* complaint (Exhibit "1") stated as follows:

> On or about (dates): October 4, 2007 defendant breached the agreement by the following acts (specify): Defendant Failed to pay for accrued charges on the credit card, and late charges and interest assessed thereon, on a timely basis as agreed, or at all.

18. Plaintiff is informed and believes, and thereon alleges, that the *Executive Financial Enterprises v. Kukoki* complaint (Exhibit "1") was drafted, approved, and signed by Defendant, SIEGEL.

19. Chase Bank (USA), N.A., is a national banking association with its principal offices located at: 200 White Clay Center Drive, Newark, Delaware 19711.

---

FIRST AMENDED COMPLAINT

- 5 -

Case No. 2:12-CV-10844-GAF-PJW

20.    Plaintiff is informed and believes, and thereon alleges, that the Customer Agreement between Plaintiff and Chase Bank (USA), N.A., states in relevant part as follows:

> Governing Law: THE TERMS AND ENFORCEMENT OF THIS AGREEMENT AND YOUR ACCOUNT SHALL BE GOVERNED AND INTERPRETED IN ACCORDANCE WITH FEDERAL LAW AND, TO THE EXTENT STATE LAW APPLIES, THE LAW OF DELAWARE, WITHOUT REGARD TO CONFLICT-OF-LAW PRINCIPLES. THE LAW OF DELAWARE, WHERE WE AND YOUR ACCOUNT ARE LOCATED, WILL APPLY NO MATTER WHERE YOU LIVE OR USE THE ACCOUNT.

21.    The Delaware statute of limitations for breach of a credit card agreement is three years.  See, 10 Del. Code § 8106.

22.    Chase Bank (USA), N.A.'s claims against Plaintiff accrued more than three years prior to the filing of the *Executive Financial Enterprises v. Kukoki* complaint (Exhibit "1").  "A debt collector violates the FDCPA by using the courts to attempt to collect a time-barred debt."[2]

23.    The *Executive Financial Enterprises v. Kukoki* complaint (Exhibit "1") misrepresented the character, amount and legal status of the debt.

24.    As a result of the *Executive Financial Enterprises v. Kukoki* complaint (Exhibit "1"), Plaintiff was required to retain legal counsel at his own expense thereby incurring actual damages in the form of attorney fees and costs.[3]

25.    Plaintiff is informed and believes, and thereon alleges, that Defendants have filed and served standard form complaints in the form of Exhibit "1" on more than 40 persons in California in the one year preceding the filing of this Complaint.  Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

---

[2] *McCollough v. Johnson, Rodenberg & Lauinger*, 587 F. Supp. 2d 1170, 1176 (D. Mont. 2008) (affirmed by *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939 (9th Cir. 2011)).
[3] See, *Owens v. Howe*, 365 F. Supp. 2d 942, 948 (N.D. Ind. 2005) (the attorney fees and cost incurred defending a state court lawsuit are properly awarded as actual damages under 15 U.S.C. § 1692k(a)(1), and not under 15 U.S.C. § 1692k(a)(3)); *Lowe v. Elite Recovery Solutions L.P.*, 2008 U.S. Dist. LEXIS 8353, at *9 (E.D. Cal. Feb. 4, 2008) (awarding attorney fees court costs incurred defending state court action as actual damages under 15 U.S.C. § 1692k).

---

- 6 -

## VII. CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

26.     Plaintiff brings the first claim for relief against all Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

27.     Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

28.     Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

29.     Defendant, LAW OFFICES, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

30.     Defendant, SIEGEL, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

31.     The financial obligation owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

32.     Defendants have violated the FDCPA.  The violations include, but are not limited to, the following:

        a.     Defendants made and used false, deceptive and misleading representations in an attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

        b.     Defendants misrepresented the character or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A); and

        c.     Defendants attempted to collect a debt that is known by Defendants to be barred by the applicable statute of limitations, in violation of 15 U.S.C. § 1692f.

33.     Defendants' acts as described above were done intentionally with the purpose of

- 7 -

FIRST AMENDED COMPLAINT                              Case No. 2:12-CV-10844-GAF-PJW

1  coercing Plaintiff to pay the debt.

2      34.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an

3  award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C.

4  § 1692k.

5

6              **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

7      35.    Plaintiff brings the second claim for relief against Defendant, LAW OFFICES,

8  under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-

9  1788.33.

10

11     36.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth

12  herein.

13     37.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code §

14  1788.2(h).

15     38.    Defendant, LAW OFFICES, is a "debt collector" as that term is defined by the

16  RFDCPA, Cal. Civil Code § 1788.2(c).

17     39.    The financial obligation owed by Plaintiff is a "consumer debt" as that term is

18  defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

19

20     40.    Defendant, LAW OFFICES, has violated the RFDCPA.  The violations include,

21  but are not limited to, the following:

22          a.    LAW OFFICES made and used false, deceptive and misleading

23  representations in an attempt to collect the debt, in violation of Cal. Civil Code § 1788.17;[4]

24          b.    LAW OFFICES misrepresented the character or legal status of the debt, in

25  violation of Cal. Civil Code § 1788.17;[5] and

26

27  _____

28  [4]  15 U.S.C. §§ 1692e and 1692e(10).
    [5]  15 U.S.C. § 1692e(2)(A).

- 8 -

FIRST AMENDED COMPLAINT                              Case No. 2:12-CV-10844-GAF-PJW

c.    LAW OFFICES attempted to collect a consumer debt that was known by LAW OFFICES to be barred by the applicable statute of limitations, in violation of Cal. Civil Code § 1788.17.[6]

41.    Defendant, LAW OFFICES', acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil Code § 1788.30(b).

42.    As a result of LAW OFFICES' violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

43.    As a result of LAW OFFICES' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

44.    As a result of LAW OFFICES' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not to exceed one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.17.[7]

45.    As a result of LAW OFFICES' violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs, pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[8]

46.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

/ / /

---

[6]  15 U.S.C. §§ 1692f.
[7]  15 U.S.C.§ 1692k(a)(2)(A).
[8]  15 U.S.C.§ 1692k(a)(3).

FIRST AMENDED COMPLAINT                    Case No. 2:12-CV-10844-GAF-PJW

## VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a)   Assume jurisdiction in this proceeding;

b)   Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f;

c)   Declare that Defendant, LAW OFFICES, violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17;

d)   Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code §§ 1788.17 and 1788.30(a);

e)   Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f)   Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000, pursuant to Cal. Civil Code § 1788.30(b);

g)   Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to Cal. Civil Code § 1788.17;[9]

h)   Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[10] and 1788.30(c); and

i)   Award Plaintiff such other and further relief as may be just and proper.

oo0oo

[9]  15 U.S.C. § 1692k(a)(2)(A).
[10]  15 U.S.C. § 1692k(a)(3).

FIRST AMENDED COMPLAINT                          Case No. 2:12-CV-10844-GAF-PJW

1

2

CONSUMER LAW CENTER, INC.

3    Dated:  February 6, 2013

By: _____
Fred W. Schwinn (SBN 225575)

4    CONSUMER LAW CENTER, INC.

5    12 South First Street, Suite 1014
San Jose, California  95113-2418

6    Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190

7    Email Address: fred.schwinn@sjconsumerlaw.com

8    Adam Hollander-Urbach (SBN 252887)

9    9170 Wilshire Boulevard, Suite 450
Beverly Hills, California  90210

10   Telephone Number: (888) 759-4047
Facsimile Number: (888) 759-4047

11   Email Address: adaholla@gmail.com

12   Attorneys for Plaintiff
BRUCE R. KUROKI

13

14

15

16   **DEMAND FOR JURY TRIAL**

17        PLEASE TAKE NOTICE that Plaintiff, BRUCE R. KUROKI, hereby demands a trial by jury of

18   all triable issues of fact in the above-captioned case.

19

20   _____
Fred W. Schwinn, Esq.

21

22

23

24

25

26

27

28

- 11 -

FIRST AMENDED COMPLAINT                    Case No. 2:12-CV-10844-GAF-PJW

PLD-C-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

Edwin B. Siegel        (35711)
Brandi S. Roschko     (159060)
Law Offices of Siegel & Siegel
6355 Topanga Canyon Boulevard, Suite 255
Woodland Hills, California   91367
TELEPHONE NO: (818)593-2100   FAX NO. *(Optional)*: (818)593-2180
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Plaintiff

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

**DEC 19 2011**

John A. Clarke, Executive Officer/Clerk
By_____, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 1427 West Covina Parkway
MAILING ADDRESS:
CITY AND ZIP CODE: West Covina, California   91790
BRANCH NAME: West Covina Parkway

PLAINTIFF: EXECUTIVE FINANCIAL ENTERPRISES, INC.,
a California Corporation

DEFENDANT: BRUCE R. KUKOKI; and

[x] DOES 1 TO   10, inclusive

| CONTRACT | | |
|---|---|---|
| [x] COMPLAINT | [x] AMENDED COMPLAINT *(Number)*: | FIRST |
| [ ] CROSS-COMPLAINT | [ ] AMENDED CROSS-COMPLAINT *(Number)*: | |

**Jurisdiction** *(check all that apply)*:
[x] ACTION IS A LIMITED CIVIL CASE
  Amount demanded [x] does not exceed $10,000
           [ ] exceeds $10,000, but does not exceed $25,000
[ ] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
    [ ] from limited to unlimited
    [ ] from unlimited to limited

CASE NUMBER:
11 B 04666

1. **Plaintiff*** *(name or names)*: EXECUTIVE FINANCIAL ENTERPRISES, INC., a California Corporation

   alleges causes of action against **defendant*** *(name or names)*: BRUCE R. KUKOKI and DOES 1 through 10, inclusive

2. This pleading, including attachments and exhibits, consists of the following number of pages:   4
3. a. Each plaintiff named above is a competent adult
    [x] except plaintiff *(name)*: EXECUTIVE FINANCIAL ENTERPRISES, INC.

      (1) [x] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe)*:
      (3) [ ] other *(specify)*:

  b. [ ] Plaintiff *(name)*:
    a. [ ] has complied with the fictitious business name laws and is doing business under the fictitious name *(specify)*:

    b. [ ] has complied with all licensing requirements as a licensed *(specify)*:

  c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4. a. Each defendant named above is a natural person
    [ ] except defendant *(name)*:        [ ] except defendant *(name)*:

    (1) [ ] a business organization, form unknown    (1) [ ] a business organization, form unknown
    (2) [ ] a corporation                   (2) [ ] a corporation
    (3) [ ] an unincorporated entity *(describe)*:    (3) [ ] an unincorporated entity *(describe)*:
    (4) [ ] a public entity *(describe)*:       (4) [ ] a public entity *(describe)*:
    (5) [ ] other *(specify)*:            (5) [ ] other *(specify)*:

**EXHIBIT
1**

                    * If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]

**COMPLAINT—Contract**

Legal
Solutions
Plus

Page 1 of 2
Code of Civil Procedure, § 425.12

PLD-C-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| EXECUTIVE FINANCIAL, etc. vs. BRUCE R. KUKOKI, etc. | |

4.  *(Continued)*
    b.  The true names of defendants sued as Does are unknown to plaintiff.
        (1) [x] Doe defendants *(specify Doe numbers):* `1 - 10, inclusive`   were the agents or employees of the named
             defendants and acted within the scope of that agency or employment.
        (2) [ ] Doe defendants *(specify Doe numbers):* _____   are persons whose capacities are unknown to
             plaintiff.
    c.  [ ] Information about additional defendants who are not natural persons is contained in Attachment 4c.
    d.  [ ] Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. [ ] Plaintiff is required to comply with a claims statute, **and**
    a.  [ ] has complied with applicable claims statutes, *or*
    b.  [ ] is excused from complying because *(specify):*

6. [ ] This action is subject to   [ ] Civil Code section 1812.10   [ ] Civil Code section 2984.4.
7.  This court is the proper court because
    a.  [ ] a defendant entered into the contract here.
    b.  [ ] a defendant lived here when the contract was entered into.
    c.  [x] a defendant lives here now.
    d.  [ ] the contract was to be performed here.
    e.  [ ] a defendant is a corporation or unincorporated association and its principal place of business is here.
    f.  [ ] real property that is the subject of this action is located here.
    g.  [ ] other *(specify):*

8.  The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
    [x] Breach of Contract
    [x] Common Counts
    [ ] Other *(specify):*

9.  [x] Other allegations:

    PRIOR TO THE COMMENCEMENT OF THIS ACTION, DEFENDANT(S) RECEIVED SEPARATE WRITTEN
    NOTICES FROM PLAINTIFF, AS REQUIRED UNDER CIVIL CODE SECTION 1812.700, AND
    APPLICABLE FEDERAL LAW.

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a.  [x] damages of: $ 6,013.76
    b.  [x] interest on the damages
        (1) [ ] according to proof
        (2) [x] at the rate of *(specify):*        10% percent per year from *(date):*   October 4, 2007
    c.  [x] attorney's fees
        (1) [ ] of: $
        (2) [x] according to proof.
    d.  [x] other *(specify):*
        Such other and further relief as the Court may deem just and proper.

11. [ ] The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date:  October 6, 2011

EDWIN B. SIEGEL
_____
    (TYPE OR PRINT NAME)
        *(If you wish to verify this pleading, affix a verification.)*

▶ _____
    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-C-001(1)

| SHORT TITLE: <br> EXECUTIVE FINANCIAL, etc. vs. BRUCE R. KUKOKI, etc. | CASE NUMBER: <br> 11 B 04666 |
| --- | --- |

## CAUSE OF ACTION—Breach of Contract

FIRST
(number)

ATTACHMENT TO [x] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name):* EXECUTIVE FINANCIAL ENTERPRISES, etc.

alleges that on or about *(date):*   Prior to commencement of this action
a [x] written   [ ] oral   [ ] other *(specify):*
agreement was made between *(name parties to agreement):*   CHASE BANK USA N.A. and
defendants, BRUCE R. KUKOKI and defendants, DOES 1 through 10, inclusive
[ ] A copy of the agreement is attached as Exhibit A, or
[ ] The essential terms of the agreement [ ] are stated in Attachment BC-1 [x] are as follows *(specify):*

Chase Bank USA N.A. issued a credit card to defendant and agreed to pay third
parties for charges made by defendant for goods, services and/or cash advances,
and defendant agreed to pay Chase Bank for such charges on the stated payment
terms. After defendant's default, Chase Bank sold the claim to a third party,
and the claim has since been assigned to plaintiff for collection purposes.

BC-2. On or about *(dates):*   October 4, 2007
defendant breached the agreement by   [ ] the acts specified in Attachment BC-2 [x] the following acts
*(specify):*   Defendant failed to pay for accrued charges on the credit card, and
late charges and interest assessed thereon, on a timely basis as agreed, or at
all.

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or
excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
[ ] as stated in Attachment BC-4 [x] as follows *(specify):*

Unpaid charges, inteest and late fees in the sum of $6,013.76.

BC-5. [x] Plaintiff is entitled to attorney fees by an agreement or a statute
[ ] of $
[x] according to proof.

BC-6. [ ] Other:

Page   3
Page 1 of 1

PLD-C-001(2)

| SHORT TITLE:<br>EXECUTIVE FINANCIAL, etc. vs. BRUCE R. KUKOKI, etc. | CASE NUMBER:<br>11 B 04666 |
|---|---|

<u>SECOND</u>     **CAUSE OF ACTION—Common Counts**
(number)

ATTACHMENT TO    ☐ Complaint    ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name):* EXECUTIVE FINANCIAL ENTERPRISES, etc.

    alleges that defendant *(name):* BRUCE R. KUKOKI; and DOES 1 through 10, inclusive

    became indebted to    ☐ plaintiff    ☒ other *(name):* Chase Bank USA N.A.

  a. ☒ within the last four years
      (1) ☐ on an open book account for money due.
      (2) ☒ because an account was stated in writing by and between plaintiff and defendant in which it
            was agreed that defendant was indebted to plaintiff.

  b. ☒ within the last   ☐ two years   ☒ four years
      (1) ☐ for money had and received by defendant for the use and benefit of plaintiff.
      (2) ☐ for work, labor, services and materials rendered at the special instance and request of defendant
            and for which defendant promised to pay plaintiff
            ☐ the sum of $
            ☐ the reasonable value.
      (3) ☐ for goods, wares, and merchandise sold and delivered to defendant and for which defendant
            promised to pay plaintiff
            ☐ the sum of $
            ☐ the reasonable value.
      (4) ☐ for money lent by plaintiff to defendant at defendant's request.
      (5) ☒ for money paid, laid out, and expended to or for defendant at defendant's special instance and
            request.
      (6) ☐ other *(specify):*

CC-2. $ 6,013.76        , which is the reasonable value, is due and unpaid despite plaintiff's demand,
    plus prejudgment interest   ☐ according to proof ☒ at the rate of   <u>10%</u>    percent per year
    from *(date):* October 4, 2007

CC-3. ☒ Plaintiff is entitled to attorney fees by an agreement or a statute
        ☐ of $
        ☒ according to proof.

CC-4. ☐ Other:

                                         Page    <u>4</u>

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(2) [Rev. January 1, 2009]

**CAUSE OF ACTION—Common Counts**

Legal
Solutions
Plus

Code of Civil Procedure, § 425.12